United States District Court
Southern District of Texas
ENTERED
July 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Ehsan Ansar, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3053 |
| | § | |
| Martin Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ehsan Ansar is a native and citizen of Iran who concedes that he unlawfully entered the United States in 2024. Docs. 1 ¶¶ 2, 33. On December 16, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and he remains in the custody of Respondent, Warden of the Houston Contract Detention Facility. Docs. 1 ¶¶ 38–39, 14-1. Petitioner' application for asylum was denied, and he was ordered removed from the United States. Docs. 14-2, 14-3. Petitioner's appeal of that denial and removal order remains pending before the Board of Immigration Appeals. Doc. 14-4. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; (iii) the Administrative Procedure Act ("APA"), (iv) the Suspension Clause of Article I of the Constitution, (v) the *Accardi* Doctrine, and (vi) the Fourth Amendment's protections against warrantless arrests.

Now before the Court is Respondent's Motion for Summary Judgment, Doc.

14, to which Petitioner has responded in opposition, Doc. 15. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 14 at 3; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible[1] part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be

---

[1] Although this Court did not directly address a *Fourth Amendment* challenge to an underlying arrest in *Campos Bernal*, the Court flatly held that "an illegal arrest has no bearing on the legality of detention following that detention." *Campos Bernal*, 2026 WL 1804234, at *7 (citing *Immigr. and Naturalization Serv. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984)). This rationale applies with equal force to a challenge that Respondents failed to comply with the applicable Code of Federal Regulations—as was at issue in *Campos Bernal*—and to the current challenge that the arrest violated the Fourth Amendment. Regardless of the perceived violation, the Court cannot remedy an allegedly unlawful arrest by granting a writ of *habeas corpus* and releasing the petitioner. *See id.*

entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 17th of July, 2026.

Nicholas J. Ganjei
United States District Judge